May I please report, this is Holly Estes appearing on behalf of McClellan Robert James Houchin. I would like to start first by giving the court a little bit of an update on the underlying bankruptcy case. I did submit an update to the court to advise the panel that it appears since counsel has withdrawn on behalf of the plaintiffs that the plaintiffs may have disappeared. I have filed a motion, there's been an influx of returned mail both at the BAP level and at the bankruptcy court for the addresses that were last given to counsel after they withdrew. A number of notices have been sent out and they've all been returned with insufficient addresses. So there is a motion pending for bankruptcy court for dismissal for warranted prosecution because the plaintiffs who filed the action haven't maintained contact or a good address with the court. So that's to be heard in about a week from now. But nonetheless, not knowing the outcome of that motion, we're moving forward with the appeal. Well, this would have been interlocutory and we granted leave to appeal on the theory that this was an important question, correct? It is an important question. Okay, so I'm comfortable going forward. Very good. With regard to a little bit of the history of this particular adversary case, there was an original complaint filed for non-discharge of Dr. Houghton's claim, of the plaintiff's claims in Dr. Houghton's bankruptcy case. And that first amended complaint appeared to be a recycled complaint from several other prior bankruptcy complaints that had little to do with Dr. Houghton. So counsel had a discussion to amend the complaint, revise it down, get rid of several pages that have to do with other alleged wrongdoers, but nothing to do with Dr. Houghton. And then the first amended complaint was filed. So that's the first amended complaint. The issues on appeal, and one of the main issues, an interesting issue, is that at the time the bankruptcy case was filed, there was a pending state court action where that plaintiff had filed against Dr. Houghton. During the course of the bankruptcy case, that state court action was stayed as to defendant Robert Houghton. And the state court said, show up, speak up, do something, or this defendant that we're currently staying the case to will be dismissed from state court action. Can I stop you right there? I mean, the automatic stay is the automatic stay. There's nothing remarkable about staying a state court action, right? Nothing remarkable. Okay, and there's nothing really, there was nothing, the slightest bit of merit space about what the state court did. The state court's basically saying, I don't anticipate that somebody who has an automatic stay is going to come in here and prosecute a case in my courtroom, correct? That may be correct, but what the state court did say was, go ahead and show up, speak up, turn up, and let me know that you don't want this dismissed. But not, but on no theory on any sort of merit space, right? On the theory that I'd like to clear my docket, right? Let's be real. Oh, I think that's right. Okay, good, go ahead. That's the way the order appeared. It said, this action being stayed as defendant Robert Houghton and will be dismissed within 60 days unless somebody speaks up, shows up, and says why it shouldn't be. So, during that 60 days, nobody showed up, spoke up, or otherwise took any action to maintain Isn't the primary reason why they do that, because there's a pending bankruptcy and there's an AP there? So, that's an interesting question. I mean, in the briefing, Arizona counsel for the plaintiffs did cite a different case where Arizona courts do take some action when a bankruptcy case was filed. There was nothing in this order or in the record that showed that the state court was inclined that a bankruptcy case was filed or that the case would stay as a Dr. Houghton because of the bankruptcy or that he would be dismissed because of the bankruptcy. Let me ask you, why would they stay it if not for the bankruptcy? Just because they want to give Dr. Houghton a break? Well, I don't want to get sidetracked and I want to answer all of your questions. I'm not sure this is an issue. If it was stayed for purposes of the bankruptcy, I'm not sure that that matters. If you have a question about why it matters, I'm happy to address that. No, I was just curious. That's fine. Go on with your argument. So, the state court case was stayed. They asked someone to come forward and speak up. The issue of whether it's counsel for the plaintiff said, well, we thought it would be a state violation to show up and ask for the action to be maintained in the state court. And the bankruptcy judge said, this isn't a violation of the state, just to say we'd like to maintain the action. Certainly, it's not moving forward and prosecuting the action, but just to say, hey, please don't dismiss out that defendant. Let's maintain it. Let's continue the state for some additional period of time, but don't dismiss him out of his case. And counsel said, well, we thought it would be a state violation. And the bankruptcy judge said, well, then he could have come to bankruptcy court and asked for state relief or a comfort order to request that the state court maintain the action if that's an issue. So, what happened was nobody did anything. The statute of limitations for filing the claim, had any of these claims maintained in Arizona state court, had expired at least 112 days prior to Dr. Hudson's petition date. So, by allowing the state court case to be dismissed, the plaintiff would have had an opportunity to file a new complaint if there were remaining time under a statute of limitations to bring those claims. And the result was that because they allowed the time to last, or the statute of limitations had already lasted, and they allowed the action to be dismissed, there was no time remaining to allow clients to file a new case for those claims. They're now time barred. Can I ask a question? Go ahead. So, the statute of limitations was satisfied when they filed the state court lawsuit. So, the statute of limitations really shouldn't enter into the picture at all, it seems to me, because they met the statute by filing the state court lawsuit, and then the bankruptcy case was filed, and the adversary proceeding was filed, and then the state court lawsuit was dismissed after that. So, I'm not really seeing what the issue is with the statute of limitations. Okay. So, the statute of limitations, and you're correct, the state court case was timely filed. The state court case was pending when the bankruptcy was filed. The statute of limitations had expired 112 days prior to the petition date. So, the action was timely filed and maintained. The problem was that when the state court action was dismissed post-petition, there was no remaining time to file a new complaint for the state court causative action. Counsel, what you're suggesting, isn't it? What you're suggesting is that in order for them to continue to prosecute the adversary proceeding in the bankruptcy case, they had to continue to maintain the viability of the action that was pending in the state court case. They couldn't just let that go away, even though their only concern was that they established a non-dischargeability claim in the bankruptcy where the assets were and where the debtor was actually able to be brought in and questioned and examined, and a judgment could be entered. It didn't matter what happened in the state court proceeding. Once the adversary proceeding was finally filed, it just was important, wasn't it, that at the time the adversary proceeding in the bankruptcy case was filed, there was still a viable claim in the state court that hadn't expired. The statute hadn't run by the time the adversary proceeding was filed. True? So, the time the adversary proceeding was filed, there was a maintained action in state court. The issue is that the adversary complaint had requested for a finding that there is non-discharge of certain claims. The claims that the plaintiff sought to have not discharged as far as the adversary first amended complaint is concerned, and as far as I can read that complaint, the claims are for the arbitration award, which was a non-monetary judgment rendering Dr. Hutchins' purchase of a dental practice void ad initio, and three claims for the state court action, and those claims were tortious interference with business expectations, civil conspiracy, and unfair competition. At the time the adversary complaint was filed, that action for those three state court claims was pending. The adversary complaint merely asked for the judge to determine that those claims were not dischargeable. Then the state court action was dismissed. Let me stop you for a second. Sure. What you're saying then is that in order to make the claims in the bankruptcy court viable, they had to continue to keep the state court action viable. Otherwise, if they decided not to and let it go away, the validity of their adversary proceeding is no longer valid. It doesn't have a supporting state court litigation. So you're saying to the creditor in every instance, if you commence something timely and then the bankruptcy proceeding commences, you can't let the state court proceeding go away. You have to maintain it. You have to tell the judge whatever you have to tell them. You have to get comfort orders from the bankruptcy court if necessary, but if that state court action disappears, even though it was timely filed and the statute of limitations didn't affect the underlying claim, it doesn't matter because the bankruptcy case doesn't act independently unless the state court action is maintained. That's your argument. That is true, and the reason why it's true under this particular factual circumstance, which is an interesting factual circumstance, is that there was no remaining statute of limitations that was available for the plaintiff. So because the action had been timely filed, but there was no remaining statute of limitations, they had to maintain that action in order to have a viable claim. And they would have done that a couple of different ways. Let me try the question a little bit differently, because I don't think that was exactly an answer to the question that was posed. Do you agree with us that the bankruptcy court would have at least concurrent jurisdiction to liquidate a claim? They would if that was the request. So this is a pleading question in your mind. Because the complaint didn't say, please liquidate this claim, it fails? Correct. It was a separate request in a different court in a different action asking for a separate state court to liquidate the claim. The bankruptcy court had the power to liquidate the claim, correct? It had the power at the request of the bankruptcy court. You're telling us that you don't think the plaintiff asked the bankruptcy court to liquidate the claim. That's correct. Okay. I don't need to hear anything else. How about that? The plaintiff in their case said, we have another action pending in Arizona court. We want the Arizona court, or we want this court, to determine that these claims, the arbitration award and the state court claims are not dischargeable. And if they wanted the Arizona state court case or claims to be liquidated by the bankruptcy court, they could have requested that relief from the bankruptcy court. They could have removed their state court action to bankruptcy court. They could have continued to maintain the Arizona state court action. They could have done a number of things, but they didn't do anything to continue to maintain the viability of the state court action. And by allowing that action to be dismissed, they didn't have a claim to not have discharge as far as the Arizona state court claims were concerned. So when filing a non-discharge complaint, there are two issues the courts addressed. Number one, establishment of the debt itself. And secondarily, that the debt is not dischargeable. What's the nature of that debt? Here, the argument is that there wasn't an establishment of an underlying debt itself. These claims by these plaintiffs were listed in the schedules as disputed, unliquidated claims. The plaintiffs didn't file a claim in this case. They did timely file an adversary complaint alleging that they would like for the Arizona state court claims and the arbitration award to be not discharged. But because they allowed the statute of limitations to lapse and the state court case to be dismissed, there was no available time for them to file a new action to revive their claim. So there's not a claim. And I see I'm running out of time here, but the 108C argument, I believe, is important that 108C does not apply to allow an additional time to file a new complaint because there was no remaining statute of limitations on the petition date. And the statute said that if there is that time, then you can have the additional date to file a new complaint. Okay. That concludes your argument, correct? Yes, I see I'm out of time, Your Honor. Okay, thank you very much. The matter is submitted.
judges: Lafferty, Brand, Gan